IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Judge Marianne O. Battani |
| WINDSHIELD WIPER SYSTEMS RADIATORS STARTERS AUTOMOTIVE LAMPS ELECTRIC POWERED STEERING ASSEMBLIES FAN MOTORS FUEL INJECTION SYSTEMS POWER WINDOW MOTORS WINDSHIELD WASHER SYSTEMS | : : : : : : : : : : : | Case No. 2:13-cv-00903 Case No. 2:13-cv-01003 Case No. 2:13-cv-01103 Case No. 2:13-cv-01203 Case No. 2:13-cv-01903 Case No. 2:13-cv-02103 Case No. 2:13-cv-02203 Case No. 2:13-cv-02303 Case No. 2:13-cv-02803 |
| THIS RELATES TO: END-PAYOR ACTIONS | | |

**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
WITH THE MITSUBA DEFENDANTS AND
PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES**

Upon consideration of End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants MITSUBA Corporation and American Mitsuba Corporation (together, "MITSUBA") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing.

4. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

## Class Certification

5. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

"Settlement Classes" include the following:

The Settlement Agreement defines the "Windshield Wiper Settlement Class" as follows:

> All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Windshield Wiper System(s) as a component part, or indirectly purchased one or more Windshield Wiper System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Windshield Wiper Systems directly or for resale.

Settlement Agreement ¶ 12(a).

The Settlement Agreement defines the "Radiators Settlement Class" as follows:

> Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Radiator(s) as a component

> part, or indirectly purchased one or more Radiator(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Radiators directly or for resale.

Settlement Agreement ¶ 12(b).

The Settlement Agreement defines the "<u>Starters Settlement Class</u>" as follows:

> All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Starter(s) as a component part, or indirectly purchased one or more Starter(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Starters directly or for resale.

Settlement Agreement ¶ 12(c).

The Settlement Agreement defines the "<u>Automotive Lamps Settlement Class</u>" as follows:

> All persons and entities that, from June 1, 1997 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Automotive Lamp(s) as a component part, or indirectly purchased one or more Automotive Lamp(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automotive Lamps directly or for resale.

Settlement Agreement ¶ 12(d).

The Settlement Agreement defines the "<u>Electric Powered Steering Assemblies Settlement Class</u>" as follows:

> All persons and entities that, from January 1, 2005 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Electric Powered Steering Assembly(ies) as a component part, or indirectly purchased one or more Electric Powered Steering Assembly(ies) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Electric Powered Steering Assemblies directly or for resale.

Settlement Agreement ¶ 12(e).

The Settlement Agreement defines the "<u>Fan Motors Settlement Class</u>" as follows:

> All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Fan Motor(s) as a component part, or indirectly purchased one or more Fan Motor(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Fan Motors directly or for resale.

Settlement Agreement ¶ 12(f).

The Settlement Agreement defines the "<u>Fuel Injection Systems Settlement Class</u>" as follows:

> All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Fuel Injection System(s) as a component part, or indirectly purchased one or more Fuel Injection System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Fuel Injection Systems directly or for resale.

Settlement Agreement ¶ 12(g).

The Settlement Agreement defines the "Power Window Motors Settlement Class" as follows:

> All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Power Window Motor(s) as a component part, or indirectly purchased one or more Power Window Motor(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Power Window Motors directly or for resale.

Settlement Agreement ¶ 12(h).

The Settlement Agreement defines the "Windshield Washer Systems Settlement Class" as follows:

> All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Windshield Washer System(s) as a component part, or indirectly purchased one or more Windshield Washer System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Windshield Washer Systems directly or for resale.

Settlement Agreement ¶ 12(i).

6. The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) End-Payor Plaintiffs' claims present common issues

and are typical of the Settlement Classes; (c) End-Payor Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that End-Payor Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of the above-captioned actions ("Actions") on a class basis is superior to other means of resolving the matter.

<u>Appointment of Settlement Class Counsel</u>

7. The Court hereby appoints Cotchett, Pitre & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

8. Each End-Payor Plaintiff class representative named in the operative complaints in the Actions will serve as an End-Payor Plaintiff class representative on behalf of the Settlement Classes.

<u>Notice to Potential Class Members</u>

9. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by End-Payor Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

10. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

Other Provisions

11. As more fully set forth in the Settlement Agreement, MITSUBA agrees to cooperate with End-Payor Plaintiffs in connection with the continued prosecution of the Actions.

12. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of End-Payor Plaintiffs, MITSUBA, and the members of the Settlement Classes.

13. The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including MITSUBA, to contest certification of any other class proposed in the Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the Action or on the Court's ruling(s) concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

14. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15. The litigation against Releasees (as defined in the Settlement Agreement with MITSUBA) is stayed except to the extent necessary to effectuate the Settlement Agreement.

Date:  October 13, 2017                         s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 13, 2017.

                                                s/ Kay Doaks
                                                Case Manager